EDMUND L. JORDAN *vs.* WALLACE L. ORCUTT.

Essex.   November 5, 1931. — June 27, 1932.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & FIELD, JJ.

*Workmen's Compensation Act,* Action by insurer against negligent third person.  *Subrogation.*

An insurer which has paid compensation to an injured employee under the workmen's compensation act, G. L. c. 152, is entitled by virtue of § 15 of that act to bring an action against a physician for alleged negligence in the treatment of the injury, although it does not appear that the compensation actually paid has been affected by consideration of additional pain and suffering due to that treatment

The right of an insurer under G. L. c. 152, § 15, to maintain an action against a negligent third person is based solely on legislative grant and not on subrogation.

Such insurer, proceeding to enforce such right in the name of the employee, is not affected by the fact that the employee could not maintain such an action for his own sole benefit: the insurer's right is not derived from the employee.

TORT, the declaration containing allegations that, following an injury to the plaintiff's left hand, the defendant, a practising physician, undertook to treat the injury, and that by reason of failure of the defendant to exercise reasonable care the plaintiff's injured hand was permanently injured.   Writ dated January 17, 1928.

In the Superior Court, the action was tried before *Macleod,* J.   The plaintiff's counsel made an opening statement to the jury, which included statements, among others set out in the opinion, that the plaintiff when injured was an employee of the town of West Newbury, which had accepted the provisions of St. 1913, c. 807, and that the plaintiff did not claim a right of action under G. L. c. 152, § 24; and that the town

was insured under the workmen's compensation act by an insurance company which was prosecuting the action in the name of the plaintiff, who had claimed and been paid compensation under the act.

At the close of such opening statement, the judge ordered a verdict for the defendant and reported the action for determination by this court.

*R. E. Burke & E. E. Crawshaw,* for the plaintiff, submitted a brief.

*J. N. Clark,* for the defendant.

WAIT, J. The essential question in this case is whether an insurer who has paid compensation to an injured employee under our workmen's compensation act, G. L. c. 152, is entitled by virtue of § 15 of that act, as it stood in 1927 when the accident occurred, to bring an action against a physician for alleged negligence in the treatment of the injury, where it does not appear that the compensation actually paid has been affected by consideration of additional pain and suffering due to that treatment. Other questions involved are: Can the insurer, proceeding in the name of the employee, institute an action at law which the nominal plaintiff could not institute were he the real plaintiff? Can an action be permitted where as a result of its successful prosecution an employee becomes entitled to receive four fifths of an amount which he could not recover by a suit in his own name? Can a physician escape suit to decide whether negligence on his part has caused damage to a patient, because that patient has been paid compensation under G. L. c. 152 and the physician's negligence may have aggravated the injury on which the claim for compensation was based? The answers must be sought in the interpretation to be given to G. L. c. 152, § 15. That section, so far as here material, reads as follows: "Where the injury for which compensation is payable was caused under circumstances creating a legal liability in some person other than the insured to pay damages in respect thereof, the employee may at his option proceed either at law against that person to recover damages or against the insurer for compensation under this chapter, but not against both;

and if compensation be paid under this chapter, the insurer may enforce, in the name of the employee or in its own name and for its own benefit, the liability of such other person; and in case the insurer recovers a sum greater than that paid by it to the employee, four fifths of the excess shall be paid to the employee."

The right to compensation secured to an injured employee by G. L. c. 152 is not based upon negligence. His right is based upon injury arising out of and received in the course of his employment. That injury may or may not have arisen out of some one's negligence. If it arose out of the negligence of his employer, or if no negligence entered into it, the employee who has not given notice under G. L. c. 152, § 24, can obtain redress only through the processes of the workmen's compensation act. In general the employee who proceeds under the act is stripped of rights of recovery in tort for negligence. Under § 23 the filing of a claim or the receipt of compensation from an insurer is a release to his employer of all claims or demands at law, if any, arising from the injury. Where, however, the injury arises out of the negligence of some person other than the employer, a right to resort to an action at law for negligence against that third person is left to the employee if he prefers it to the right to compensation created and bestowed by the act. He cannot have both rights. He must choose between them. G. L. c. 152, § 15. *Tocci's Case*, 269 Mass. 221. If he chooses compensation under the act, then the Legislature has allotted the rights in tort for negligence, which the employee has given up, to the insurer who has paid compensation; but it also has required that insurer to pay over to the injured employee four fifths of the excess of the amount recovered above what has been paid. The employee does not take this amount as an owner of the tort claim. He receives it as additional compensation granted by the Legislature under the act. Thus there is no true subrogation. What the insurer obtains is a legislative grant to proceed at law which is its own. *Fidelity & Casualty Co. of New York* v. *Huse & Carleton, Inc.* 254 Mass. 359. The injured employee cannot control

it or successfully demand that the insurer proceed to exercise it. *Whalen* v. *Athol Manuf. Co.* 242 Mass. 547.

It was decided in *Vatalaro* v. *Thomas*, 262 Mass. 383, that an injured employee who has received compensation under the act cannot maintain an action against a physician whose negligence has aggravated his original injury. That decision was put upon the ground that in as much as this aggravation could be compensated in the proceedings under the act it was included in the compensation paid by the insurer. In principle we think that decision is controlling here. The words of § 15 "Where the injury for which compensation is payable was caused under circumstances creating a legal liability . . . to pay damages in respect thereof" are not confined to the original event of injury, but include all injury arising from circumstances of aggravation for which compensation may be had in the proceedings under the act.

It follows that the insurer who has paid compensation to an employee pursuant to the provisions of the workmen's compensation act is entitled to bring suit against a physician to determine whether a liability in tort exists in regard to the injury for which compensation has been paid. The right to maintain the action is not derived from the employee; and there is no anomaly in permitting recoveries for which the employee cannot sue, nor in bestowing upon him part of what the insurer obtains. The option to use the employee's name as plaintiff granted by the Legislature to the insurer does not confer rights upon the employee. A physician, if found by a trial tribunal to be in fault, cannot escape liability as a result of the employee's election to proceed for compensation under the act instead of damages at law. In stating an injury to an employee who has received compensation under G. L. c. 152, payment of such compensation, and pain and suffering resulting to the employee from alleged negligent acts of a physician who treated the employee for the injury, the insurer stated a case. It was error to direct a verdict thereon for the defendant. The verdict must be set aside and a new trial be had.

*So ordered.*