(No. 7071. December 7, 1943.)

CHARLES HANCOCK, Appellant, v. A. B. HALLIDAY, R. E. STALEY, E. G. LEE and GLENN McCAFFERY, Respondents.

(150 P. (2d) 137.)

On Rehearing July 11, 1944.

T. P. Wormward and Frank Griffin for appellant.

Robert E. Brown and Cannon, McKevitt and Fraser for respondents.

Ralph R. Breshears, Robert H. Elder, W. F. McNaughton and Wm. D. Keeton amici curiae on rehearing.

DUNLAP, J.—It appears by the complaint herein, appellant, while engaged in his work as a miner in the employ of the Bunker Hill & Sullivan Mining Company at Kellogg, Idaho, sustained an injury which arose out of and in the course of his employment; that thereafter he was treated therefor at the Wardner Hospital, the place of business of physicians R. E. Staley and Glenn McCaffery, two of the respondents herein, who previously had entered into a hospital contract with the mining company to furnish medical hospital and surgical attendance to the company's employees under the provisions of Section 43-1108, I. C. A.; that under the plan for the hospital services and medical treatment to be furnished by said physicians, there was diverted from the wages of appellant the sum of One Dollar per month, which was paid to the contract physicians; that the treatment of appellant for the injury thus sustained, was negligently and carelessly rendered by respondents, in the particulars set out in the complaint, necessitating the amputation of appellant's right leg at the knee joint. The acts of negligence are pleaded in detail and appellant also charges that by reason thereof he suffered excruciating pain between the 25th day of February 1941, to about the 30th day of December, 1941, during which period he was under the care of respondents. The complaint charges gross negligence, both in diagnosis and treatment, claims damages in the sum of $30,000.00 for which sum judgment is sought against all of the defendants, respondents here.

Respondents interposed a demurrer to the complaint on the grounds: (1)—That it does not state facts sufficient to constitute a cause of action; (2)—That the court has no jurisdiction of the subject of the action; and (3)—That it is ambiguous, uncertain and unintelligible in certain particulars therein pointed out.

The trial court by order duly made and entered, sustained the demurrer without leave to amend, and thereafter entered judgment in favor of respondents, against appellant, ordering and decreeing that appellant take nothing by this action, and that respondents have and recover their cost.

The appeal is from the judgment so entered.

Appellant has alleged a number of assignments of error but they all revolve around the principal question of jurisdiction of the trial court to hear and determine the cause of action as alleged. In other words, the principal question for our consideration here, is whether or not the district court has jurisdiction to try this suit, or is the employee's remedy for the alleged damage to his body limited to recovery of compensation as provided by our Workmen's Compensation Law.

Appellant contends that his right to compensation under the Workmen's Compensation Act does not bar such an action for malpractice.

The precise question has apparently never been decided by this Court.

Various courts have taken opposite views on the matter and there is some conflict in the decisions, which to some extent may be explained by the difference in the provisions of the compensation acts. (82 A. L. R., p. 934.).

As stated by Mr. Justice Givens in *Arneson v. Robinson*, 59 Ida. 223, 82 P. (2d) 249, "Decisions of courts on somewhat closely analogous questions under statutes not sufficiently similar to ours or not raising the precise question, are not particularly helpful nor controlling. It is primarily a question of legislative intent as expressed in the statute directly or by necessary implication."

The pertinent sections of our statute are Sections 43-902[1], 43-1003[2], 43-1004[3], 43-1005[4], 43-1107[5], 43-1108[6], 43-1109[7], Section 43-1413, I. C. A., as amended by Section 3, Chap. 175, 1937 Session Laws[8].

(1). 43-902. Declaration of police power. The common law system governing the remedy of workmen against employers for injuries received in industrial and public work is inconsistent with modern industrial conditions. The administration of the common law system in such cases has produced the result that little of the cost to the employer has reached the injured workman, and that little at large expense to the public. The remedy of the workman has been uncertain, slow and inadequate. Injuries in such employments formerly occasional have become frequent and inevitable. The welfare of the state depends upon its industries, and even more upon the welfare of its wage-workers. The State of Idaho, therefore, exercising herein its police and sovereign power, declares that all phases of the premises are withdrawn from private controversy, and sure and certain relief for injured workmen and their families and de-

Under the provisions of Section 43-1003, I. C. A., the rights and remedies granted by the Act to an employee on account of a personal injury for which he is entitled to compensation under the act excludes all other rights and remedies of the employee at common law or otherwise, on account of such injury.

This abridgement of the workman's remedies, however, is not applicable when the injury for which compensation is payable under the act, has been sustained under circumstances creating in some person other than the employer, a legal liability to pay damages in respect thereto, in which event it is provided by the act that the injured employee may at his option, either claim compensation under the act, or obtain damages or proceed at law against such other person to recover damages. (Section 43-1004, I. C. A.)

Thus, it is clear that the common law right of action of an employee against a third person to recover damages for personal injuries sustained by actionable negligence of such third person was not abolished by the act, and this Court, speaking through our learned Mr. Chief Justice Holden, in *Lebak v. Nelson,* 62 Ida. 96, 107 P. (2d) 1054, so held, in the following words: "It must be constantly kept in mind the common law action of an employee against a third person to recover damages for personal injuries sustained by reason of actionable negligence of such third party was not

---

pendents is hereby provided, regardless of question of fault, and to the exclusion of every other remedy, proceeding or compensation, except as is otherwise provided in this act, and to that end all civil actions and civil causes of action for such personal injuries, and all jurisdiction of the courts of the state over such causes are hereby abolished except as is in this act provided.

(2). 43-1003. Right to compensation exclusive. The rights and remedies herein granted to an employee on account of a personal injury for which he is entitled to compensation under this act shall exclude all other rights and remedies of such employee, his personal representatives, dependents, or next of kin, at common law or otherwise, on account of such injury. Employers who hire workmen within this state to work outside of the state, may agree with such workmen that the remedies under this act shall be exclusive as regards injuries received outside this state by accident arising out of and in the course of such employment; and all contracts of hiring in this state shall be presumed to include such an agreement.

(3). 43-1004. Liability of third persons. When an injury for which compensation is payable under this act shall have been sus-

abolished; therefore, such cause of action would still belong to the injured workman, if he survives his injury, and to his widow (if any) and dependents (if any) if he does not. Under the statute, when an employee is injured under circumstances which make his injury compensable and at the same time creates 'in some other person than the employer, a legal liability to pay damages,' and he claims compensation, then his employer, if he has either paid the compensation or become liable to pay it, is subrogated to the right of the injured employee to recover what he (the employer) has paid or become liable to pay."

However, it is respondent's contention that the original injury here to appellant and the subsequent alleged carelessness and negligent treatment of the physicians are not separable; that without the accident there would have been no occasion for the treatment and that for the treatment and damages to appellant caused thereby, appellant's only recourse is under the Workmen's Compensation Act for the compensation fixed by the act.

With this contention we are not in accord. From the complaint it appears that appellant's physical condition, the loss of his leg and earning power, and permanent disability is the result of the negligence and malpractice of the doctors; it is true the original injury necessitated hospital and

---

tained under circumstances creating in some other person than the employer a legal liability to pay damages in respect thereto, the injured employee may, at his option, either claim compensation under this act, or obtain damages from or proceed at law against such other person to recover damages; and if compensation is claimed and awarded under this act any employer having paid the compensation or having become liable therefor, shall be subrogated to the right of the injured employee to recover against that person; provided, if the employer shall recover from such other person damages in excess of the compensation already paid or awarded to be paid under this act, then any such excess shall be paid to the injured employee less the employer's expenses and costs of action.

(4). 43-1005. Contracting out forbidden. No contract, rule, regulation or device whatever shall operate to relieve the employer in whole or in part from any liability created by this act, other than as provided in Sections 43-1006 and 43-1108.

(5). 43-1107. Medical attendance. The employer shall provide for an injured employee such reasonable medical, surgical, or other attendance or treatment, nurse and hospital service, medicine, crutches

medical treatment, but it is not the original injury for which recovery is sought here. The injuries for which damages are claimed in this suit are independent to and additional to those originally sustained (*White v. Matthews*, 224 N. Y. S. 559) and the right to maintain this action cannot be denied on the strained theory that had there been no injury there would have been no malpractice and that consequently the malpractice is the proximate result of the original injury; such a conclusion would permit the wrongdoer to go practically unscathed for grievous damage to another, and would likewise sentence the workman to a lifetime of drear and hopeless existence through inability to work and live a normal life, because of a maimed body, with his only compensation limited to a sum totally inadeuate to cover his sustained losses. The condition complained of is not the proximate result of the accident, but it is the proximate result of the negligent act of the physicians who treated the injury.

As illustrative of the distinction between the disassociation of the *injury* and the negligent treatment, we quote from the case of *Denes v. Hollingshead Co.*, (N. J.) 145 Atl., p. 321, wherein the employee sued his *employer* for disability from negligent treatment of the injury. The court said: "The complaint discloses that plaintiff was employed by defendant; that in the course of his employment, he suf-

---

and apparatus, as may be required or be requested by the employee immediately after an injury, and for a reasonable time thereafter. If the employer fails to provide the same, the injured employee may do so at the expense of the employer. All fees and other charges for such treatment and services and compensation therefor shall be subject to regulation by the board. The pecuniary liability of the employer for the treatment and other service herein required, shall be limited to such charges as prevail in the same community for similar treatment of injured persons of a like standard of living when such treatment is paid for by the injured person. In determining what fees and charges are reasonable, the board shall consider the increased security of payment afforded by this act.

(6). 43-1108. Hospital contracts. Nothing in this act shall be construed as preventing employers and workmen from waiving the provisions of Section 43-1107 and entering into mutual contracts or agreements providing for hospital benefits and accommodations to be furnished to the employee. Such hospital contracts or agreements must provide for medical, hospital and surgical attendance for such employee for sickness contracted during the employment (except ven-

fered a slight injury to his leg; that defendant undertook to render treatment to his leg; that defendant so improperly, unskillfully and negligently treated the leg by the use of improper, alkiline, acrid and irritating lotions, that plaintiff's leg became ulcerated and permanently disabled. Defendant insists that the only remedy is under the Workmen's Compensation Act (P. L. 1911, p. 134 as amended) and alleged that the injuries complained of arose out of and in the course of his employment, and cites *Newcomb v. Albertson*, 85 N. J. Law 435, 89 A. 928, and *Lundy v. Brown & Co.*, 93 N. J. Law 469, 108 A. 252.

"The complaint alleges a set of facts that indicates that the condition complained of is not the result of the accident, but is the result of entirely different causes, namely, negligence in treatment. I am unable to distinguish between a negligent act of the employer, not related to the accident which rendered the treatment necessary, and the negligent act of a surgeon in the treatment of an injury. One is no more the result of the accident than is the other. The condition complained of is not the proximate result of the accident, but is alleged to be the proximate result of an act not related to the happening of the accident.

"I have been unable to find any case precisely in point, nor has the diligence of counsel supplied me with any au-

ereal disease and sickness as a result of intoxication) as well as for injuries received arising out of and in the course of the employment. No assessment of employee for such hospital contracts or benefits shall exceed $1 per month for each employee, except in cases where it shall appear to the satisfaction of the board, after a hearing had for that purpose, that the actual cost of such service exceeds the said sum of $1 per month, and any such finding of the board may be modified at any time when justified by a change of conditions, or otherwise, either upon the board's own motion or the application of any party in interest. No profit directly or indirectly shall be made by any employer as a result of such hospital contract or assessment. It is the purpose and intent of this act to provide that each and every hospital maintained wholly or in part by payments from workmen, which furnishes treatment and services to employees for sickness and injury, as provided in this act, shall be under the supervision of the board as to services and treatment rendered such employees, and shall, from time to time make reports of such services, attendances, treatments, receipts and disbursements as the board may require.

(7). 43-1109. Hospital contracts. Bond of contractor. Before approving any hospital contract or agreement, the individual corp-

thority. The case of *Smith v. International High Speed Steel Co.*, 98 N. J. Law. 574, 120 A. 188, is authority that only such conditions as result from an accident are to be recovered for under the Compensation Act. To the same effect is *Liondale Bleach Etc. Works v. Riker*, 85 N. J. Law 426, 89 A. 929. In these cases it is held that disease or conditions which result from and in consequence of accidental injuries are part of such injuries. But these cases are distinguishable from the instant one, where the allegation is that the condition or disease complained of would not and did not result from the injury received, but resulted wholly from an intervening negligent act."

Respondents are third persons as contemplated by Section 43-1004, I. C. A.; to hold otherwise would be contrary to the plain wording of that section, and to this Court's fixed policy of liberal construction of the act in favor of the employee (*Moon v. Ervin, et al*, 64 Ida. 464, 133 P. (2d) 933; *Stover v. Washington County*, 63 Ida. 145, 118 P. (2d) 63; *Olson v. Union Pacific RR. Co.*, 62 Ida. 423, 112 P. (2d) 1005) and deprive appellant of property without due process of law, in violation of Art. 1, Sec. 13 of our Idaho Constitution.

Under a statute almost identical to our Section 43-1004, I. C. A., (Revised Statutes of Utah, 1933, 42-1-58) the Utah

oration or association agreeing to furnish to the employees of any employer of the State of Idaho, medical, hospital and surgical attendance provided for in Section 43-1108, the board may, in its discretion, require such individual, corporation, or association to file with the board a surety bond in the penal sum of $5000 conditioned that such individual, corporation or association will faithfully furnish to such employees the medical, hospital and surgical attendance agreed to be furnished in such contract and agreement and required to be furnished by Section 43-1108.

(8). 43-1413 (as amended). General Powers of Board. All questions arising under this Act, if not settled by agreement or stipulation of the parties interested therein, with the approval of the board, shall, except as otherwise herein provided, be determined by the Board. The Board shall have power to adopt rules of procedure. The decisions of the board shall be enforcible by the district court under the provisions of Section 43-1410. There shall be a right of appeal from decisions of the board to the * * * supreme court as provided in Section 43-1408, but in no case shall such an appeal, either under this Section or under Section 43-1408, operate as a supersedeas or stay unless the board or the * * * supreme court shall so order.

Court in the case of *Baker v. Wycoff*, 79 P. (2d) 77, held that a physician is a third person within the meaning of that term as used in the statute. In that case, plaintiff Baker began his action against the doctor for damages, alleging negligence in diagnosing and in treatment of the injury. The commission, administrator of the insurance fund, the insurance carrier, intervened, and alleged the cause of action of the workman had been, by statute, assigned to it, and that it was subrogated to the rights of the workman by reason of having paid compensation including hospital and medical expenses, covering both the original injury and aggravation of the original injury by negligence of the doctor. The intervenor, the industrial commission, recovered judgment against the physician in a sum larger than necessary to make it whole for money paid and to be paid on its liability to the workman. The court said: "The questions raised by the 30 assignments of error may be for convenience grouped under four heads: (1)—Has the insurer, the intervener, the legal right to maintain this action? (2)—Do the facts found by the court constitute actionable negligence on the part of the physician? * * * The answer to the first question must be found in an interpretation of Section 42-1-58, R. S., 1933, which reads as follows: 'When any injury for which compensation is payable under this title shall have been caused by the wrongful act of a third person, the injured employee, or in case of death, his dependents, may at their option claim compensation under this title or have their action for damages against such third person; and if compensation is claimed and awarded, the employer or insurance carrier having paid the compensation shall be subrogated to the rights of such employee or his dependents to recover against such third person; provided if such recovery shall be in excess of the amount of the compensation awarded and paid, then such excess, less the reasonable expenses of the action shall be paid to the employee or his dependents.'

"(1). The first inquiry is whether the negligence of the physician is an injury for which compensation is payable under the statute. The answer must be in the affirmative, as it seems well settled that, where the chain of causation between an accidental injury and the ultimate disability remains unbroken, an injured employee is entitled to statutory compensation for the ultimate injury resulting from the accidental injury, though the injury has been aggra-

vated by intervening malpractice. The treatment of the original injury by a physician is within the chain of causation. (citing cases.)

"(2). Baker was entitled to claim, and actually received from the insurance carrier, full compensation, including hospital and medical treatment, for his injury caused by the accident in the mine as aggravated by the claimed negligence of the physician. Baker accepted compensation both before and after he became aware of the negligence of the physician. He must, therefore, be held to have elected to take compensation under the act. Any right of action he had, passed, under the statute, to the insurance carrier, who was by law subrogated to the rights of the workman. (Citing cases.)

"The next question is whether the physician is such a third person as is contemplated by the statute, as it is only the wrongful act of a third person which gives rise to a cause of action in favor of the insurance carrier. Appellant contends that the statute was intended to cover only cases where the original injury was caused through negligence of a third person, and therefore, a physician who treats the original injury is not such a third person. Unless the appellant in this case (or more accurately, the deceased, for whom appellant is the administrator) is a third person under Section 42-1-58, R. S. 1933, the insurance carrier who has paid compensation for aggravated injuries caused by the negligence of the deceased doctor will not be subrogated to any rights of the injured party so as to be able to sue for the aggravation of his injuries caused by the negligence of the doctor.

"There have been a number of cases holding that a doctor is liable to an employer, or the insurance carrier, as the case may be, for aggravated injuries to an employee who has already been injured, where the aggravated injuries were due to the doctor's malpractice, if the employer has paid compensation to the employee for such injuries and thereby become subrogated to the rights of the employee against the doctor for his negligent practice. (*Jordan v. Orcutt*, 279 Mass. 413, 181 N. E. 661, (where an insurance carrier was allowed to recover for pain and suffering of an employee resulting from the physician's negligent treatment, the insurer having paid compensation to the employee;) (*Parchefsky v. Kroll Bros.*, 267 N. Y. 410, 196 N. E. 308, 98 A. L. R. 1387.) There, the court said

that if the employee elects to take compensation where the compensable injury is aggravated by negligent treatment, the employer becomes subrogated to the employee's right of action against the physician; otherwise, if the employee elects to sue the physician, the employer is liable for compensation only for the injury apart from the result of the malpractice. Other cases holding the employee's right of action passes to the insurance carrier are *Polucha v. Landes,* 60 N. D. 159, 233 N. W. 264; *Overbeck v. Nex,* 261 Mich. 156, 246 N. W. 196 and *Vayda v. DeWitt,* 261 Mich. 165, 246 N. W. 199.

"But in neither of these cases was the problem of who is a 'third person' discussed by the court. * * * (Citing cases.)

"(3). The question then remains whether this court should construe the term 'third person' as used in our statute to mean that any person other than the employee and immediate employer is a 'third person' or whether such person must have been the cause of the original injury before he can be designated as such. The above cases are not directly in point. But irrespective of that, the physician must be held a 'third person' under the decision of this court in *Gunnison Sugar Co. v. Industrial Comm.,* 73 Utah 535, 275 P. 777, and the other cases heretofore cited, to the effect that the compensation liability referred to in the statute is not limited to compensation for the initial injury but includes also expense and disability caused by acts of other persons if within the chain of causation. In the Gunnison Sugar case the extra expense which the insurer paid arose out of treatment by the physician.

"(4). At common law the employee had a right of action against the doctor for malpractice where negligence of the physician aggravated the original injury. The person causing the original injury and the physician who aggravated its condition were not regarded as joint tort-feasors. The position, however, of two independent joint tort-feasors is in many respects analogous. Action might be brought and recovery had against the original party and another action against the physician for the damage caused by his negligence. Our statute recognizes and preserves the common law right of action in the employee against a third person causing an injury, but, where such is within the chain of causation and aggravates or adds to the original injury, it becomes part of the injury for which compen-

sation may be paid. *The option is left with the employee as to whether he will claim compensation for his injury or maintain his common law right of action against the physician.* On broad grounds of furthering substantial justice conducive to better social relationships and to guard against injustice which might result from a double recovery by the employee, the statute provides that the employer or the insurance carrier who pays compensation is subrogated to the rights of the employee where the employee has exercised his option and taken compensation. The statute contemplates that a wrongdoer shall not go unwhipped of justice.

"Appellant cites a number of cases to the effect that the employee cannot recover from a physician for malpractice, but in all of them the employee has already received compensation. Such decisions really amount to this, that double payment will not be allowed for the same injury. These cases are not decisive of the right of the insurer to maintain this action, although they hold that the award of compensation may properly cover both the original injury and the ultimate condition, including aggravation caused by negligence of the physician; and where the employee accepts compensation, he may not sue the physician and recover against him also. (Citing cases.)

"We conclude, therefore, that the physician is a third person under the statute; that the insurance carrier, having paid compensation to the employee for the injury suffered in the mine accident, together with the aggravation caused by negligent treatment by the physician, became subrogated to the rights of the employee as to any cause of action the employee had against the third party physician." (Italics supplied.)

Respondents contend that the relation of physician and patient did not exist between the parties here because of the contract between the employer and respondents McCaffery and Staley, by the terms and provisions of which said respondents were to furnish medical treatment and attention to such employees as received injuries arising out of and in the course of their employment, and on this ground seek to distinguish this case from *Smith v. Golden State Hospital*, (Cal.) 296 P. 127; *Smith v. Coleman*, (Cal.) 116 P. (2d) 133, cited by appellant. However, this same contention was made in the Minnesota case of *Viita v. Fleming*, 132 Minn. 128, 155 N. W. 1077, L. R. A. 1916D 644, Ann. Cas. 1917E, 678, which case was discussed by the Califor-

nia Court in the case of *Smith v. Golden State Hospital,* 296 P. 127, and wherein the California Court remarked upon the similarity of the two cases and with reference to the Minnesota case, said: "An injured employee was sent to a hospital by his employer for treatment by physicians with whom the employer had an arrangement for treatment of employees in such cases. It was alleged that unskillful or negligent treatment and appliances administered resulted in permanent injury, which otherwise would not have occurred. The employer submitted to the court for approval a proposed settlement reciting that 'the employer shall be and hereby is released from all claims on account of said injury, under said act or otherwise.' In an action against the physicians for damages it was contended by them that the cause of action had been included in and was barred by the settlement of their principles with the employee. The opinion proceeds: 'The contention that the relation of physician and patient did not exist between defendant and plaintiff is based upon the facts hereinbefore stated as to the arrangement under which plaintiff was admitted to the hospital and treated by defendants. We see nothing in these facts to justify a decision that defendants did not owe plaintiff the duty to use ordinary care and skill in treating his injury. It is true that Johnson-Wentworth Company, under the terms of the compensation act, was required to provide medical and surgical treatment to the injured employee during the first 90 days of his disability and to an amount not exceeding $100.00. But we are unable to see how this changes the relationship between the injured employee and the physician or surgeon employed, or affects the duty of the latter to the former. It may be true in a sense that Drs. Fleming and Dolan were the agents of the employer for the purpose of minimizing the results of the injury and shortening the period of disability. Even if it be conceded that the employer might be liable for the negligence of the physicians on this theory of agency, this is no reason why the physicians are not liable directly to the patient. It is not material that plaintiff did not know the physicians, engage their services himself, or pay for the services in the ordinary way. Plaintiff, in fact, paid for medical and surgical treatment, and it surely can make no difference that this was by monthly deductions from his wages. Indeed, it is the law that the fact that a physician or surgeon renders services gratuitously does not

absolve him from the duty to use reasonable care, skill and diligence. * * *' "

Respondents rely upon *Ross v. Ericson Construction Co.,* (Wash.) 155 P. 153, *Alexander v. von Wedel,* (Okla.) 37 P. (2d) 252; *Roman v. Smith,* (Ida.) 42 Fed. (2d) 931; and *Flock v. J. C. Palumbo Fruit Co.,* 63 Ida. 220, 118 P. (2d) 707.

The decision in the case of *Ross v. Ericson Construction Co.,* (Wash.) 155 P. 153, might, at first impression, seem to support the position taken by respondents in this case. However, a careful comparison of the Washington law with our own law, will disclose some decided differences in the wording of the acts, and by reason of this fact the decision cannot be controlling as requiring a similar construction of our law to be applied to the facts in the instant case. There is also a difference in the facts between the two cases.

In the Ross case, the action was against the employer and the physician to recover damages for malpractice of the physician employed to do the surgical and hospital work for the employer, and was instituted after the employee had accepted a final award under the Workmen's Compensation Act. It was contended that additional recovery could not be had against either of the defendants for the reason that the workman had been thus compensated for all injuries resulting from the primary injury or proximately attributable thereto.

The Washington Statute classifies certain occupations as extra-hazardous, and specifically provides that no action may be brought against the employer or any workman under the act as a third person if at the time of the accident such employer or such workman was in the course of any extra-hazardous employment under the act. (Sec. 7675, Remington Rev. Stat. of Wash., Ann.) We do not have a similar provision.

Another feature of the Washington act is the provision to effect, "The compensation allowed may be re-adjusted if aggravation * * * of the injury takes place or be disclosed after the rate of compensation has been established." (Sec. 7679, Remington Rev. Stat. of Wash., Ann.) While we have a provision under our law for the modification of an award upon a change of conditions, (Sec. 43-1407, I. C. A.) our statute does not provide, as does the Washington law, for re-adjustment of compensation if the injury be aggravated.

That these features of the Washington law were considered in the decision of the Ross case, is apparent.

In the instant case, it does not appear that any award had been made or compensation whatever received by appellant under the Workmen's Compensation law, but regardless of that fact, and as illustrative of the distinction between the Washington law and our own law as to the right of the workman to seek recovery against a third party who has caused the injury, this Court, speaking through our learned Mr. Justice Ailshie, in the opinion on petition for re-hearing in the case of *Lebak v. Nelson,* 62 Ida. 96, 107 P. (2d) 1054, after quoting Sec. 43-1004, I. C. A., and in construing same, said: "It must be remembered that the Workman's Compensation law is a remedial and special law, providing compensation for injured employees without reference to any question of negligence either on the part of the employer or employee; consequently, an award made to a workman under this act bears no relation whatever to any negligence on the part of the employer, a stranger, *or anyone else.* When an award is made under this act in favor of an employee and liability attaches in favor of the employer or insurance carrier or both, the statute at once confers upon such employer or insurance carrier or both a right of action against a third party *who may have caused or wrongfully contributed to the injury of the employee.* * * * The statute does not attempt to take away from the workman his right of action against a third party *for any tort* that may be committed against him by such person or persons. An action prosecuted against a third party or tort feasor must necessarily rest upon the law of negligence and be tried to a jury the same as any other action for negligence." (Italics mine.)

It is therefore clear that the Washington case relied upon by respondents is not controlling on the facts in this case, and that anyone who may have caused or wrongfully contributed to the original injury of the employee is answerable for such negligence in a court of law at the option of the employee.

The decision of the Oklahoma Court in the case of *Alexander v. von Wedel,* 37 P. (2d) 252, was based upon its former decision of *Markley v. White,* 32 P. (2d) 716. The Oklahoma Statute, 1941, Title 85, Sec. 44, reveals that under the law the workman is limited to compensation un-

der the act, unless the injury be by the negligence or wrong of another not in the same employ, in which event, before filing any suit or claim under the act, he must elect to take his compensation under the act or to pursue his remedy against such other, and in *Alexander v. von Wedel,* and in *Markley v. White,* it appears that prior to the suits, an order had been made by the Commission awarding plaintiffs compensation, and the court held that the awards included compensation for the original injury and compensation for the ultimate results of such injury, including the carelessness and negligence of employer's selected physicians and surgeons.

In view of the wording of the Oklahoma statute, and the facts in those cases from that court above referred to, we cannot view those decisions as decisive in the instant case.

The case of *Flock v. Palumbo Fruit Co.,* 63 Ida. 220, 118 P. (2d) 707, which was a proceeding by the employee against his employer and the contracted physician under the act, does not sustain respondents' contention that the Board has exclusive jurisdiction of the matter involved here. There, the employee did not receive the required care from the contract physician, and this Court held that in such case he might then seek it elsewhere, the Court holding the contract physician liable for the expense of the outside physician, and relieving the employer and his insurance carrier for the expense thereof, and in this connection, the Court said: "After hospital contract has been duly entered into and approved by the Board, the employer and his surety are relieved from further liability for medical care and attention to the employee."

It is clear that this Court, in using the words above quoted, was referring to the liability of the employer for medical attendance under the provisions of Sec. 43-1107, I. C. A., for, as stated by the Court therein, "Sec. 43-1108 permits the employer and employee to waive the provisions of the above section (43-1107) and enter into medical contracts or agreements providing for hospital benefits, and accommodations to the employee."

Involved in the Flock case was the question of liability to the employee, as between the employer and the contract physician, for payment of medical attendance which the physician had contracted to furnish the employee, and which he failed to do, after agreeing otherwise, and secur-

ing payment therefor. The jurisdiction of the Board on that matter was not questioned, and rightly so, since it was a question involving construction of a hospital contract, and we have held that such questions are within the jurisdiction of the Industrial Accident Board (*Arneson v. Robinson*, 59 Ida. 223, 82 P. (2d) 249.)

The question here does not involve the construction of a hospital contract under our act, but rather the right of a workman, to exercise a choice of two remedies, clearly given him by the act.

Moreover, in the Flock case, the Court laid down the measure of responsibility of the contract physician to the patient, in the following words: "The measure of responsibility for care, treatment, hospitalization, etc., resting upon appellant contract physician under this contract, is at least equal to that resting upon a physician and surgeon in the exercise generally of his profession. That standard has been fixed by this Court under both Secs. 43-1107 and 43-1108, as the exercise of the care and skill ordinarily exercised by competent physicians and surgeons in the same or like locality, in the light of present day learning and scientific knowledge of and professional advancement in the subject."

We are unwilling to follow the decision in the case of *Roman v. Smith*, 42 Fed. (2d) 931, which, of course, was decided prior to any decision by this Court on the precise point involved here.

Respondents also rely upon the case of *Arneson v. Robinson*, 59 Ida. 223, 82 P. (2d) 249. Respondent Arneson received an injury arising out of and in the course of his employment with Robinson. He was refused treatment at the hospital by the contract physician on the ground that he had suffered no compensable injury nor contracted no disease while in appellant's employ. He secured medical and surgical treatment elsewhere. The Industrial Accident Board awarded him compensation therefor, and it was urged by the appellants that the Board had no jurisdiction of the cause and that the workman must seek his relief in an independent action, as for breach of contract. The court held that it was the apparent intention of the legislature that the employee should have means of redress if the treatment was wrongfully refused, and that a liability rested upon the employer for the failure to provide the treatment

and that the issue was properly presented to the Board under the Workmen's Compensation Law, as the legislature had given the Board jurisdiction of questions under such agreements. In that case, the employee was seeking to recover from the employer, and his surety, expenses for hospitalization and medical treatment to which he was clearly entitled, and for which they were clearly liable under the Workmen's Compensation Law. But the contention here that the Board, under the facts in this case, has sole jurisdiction, is, as has heretofore been stated, contrary to the plain wording of Sec. 43-1004, I. C. A., wherein it is specifically provided that an injured employee may, as therein provided, and *at his option,* either claim compensation under the act, or obtain damages from or proceed against such other person to recover damages. *Arneson v. Robinson* is not authority for respondents' contention.

This section (43-1004) contemplates the existence at the same time, of two remedies either of which the employee may pursue. He may invoke the statutory remedy against his employer, or the common law remedy against the third person, who, by his negligence caused the injury.

Remarks of the California Court in the case of *Smith v. Coleman, et al,* 116 P. (2d) 134, are particularly pertinent on the point involved in this case. There, the court said: "But, where, as in the instant case, recovery for a new or aggravated injury which resulted from the negligence of the physician who treated plaintiff's industrial injury, is sought against the physician only, and neither the employer nor the latter's insurance carrier is a party, plaintiff may recover in an ordinary civil action for malpractice."

In *Lebak v. Nelson,* 62 Ida. 96, 107 P. (2d) 1054, we held: "The Workmen's Compensation Law was not intended to fully compensate a workman for injury sustained, but to provide quick, sure, and certain relief for injured workmen and their families and dependents, regardless of questions of fault." This is a condition universally recognized as existing under the various compensation acts, and such acts should therefore not be construed and are not intended to shield a third party for wrongs committed by him on the workman, under a strained theory of construing the third party's injuries as a proximate result of the original injury. In the case of *Smith v. Golden State Hospital,* (Cal.) 296 P. 127, the court said: "Without conceivable exception, it must occur that by the construction universally placed upon

humane workmen's compensation legislation, employees are so restricted with respect to relief for proximate injuries that their right to other recourse in the event of subsequent injury by independent third parties over whose discretion and actions neither employer or employee has control, should be, and is, unfettered. The lawmaking power has taken from him all of his common law rights, and all previous statutory rights, and has given him new rights. He does not, and cannot have a hand in writing the insurance. * * * Before the enactment of these statutes, the injured employee could sue for any sum designated in his complaint. Now he can apply for the statutory allowance which is secured by the insurance. * * * That independent professions by the fact of business contact with the employer should be absolved of responsibility for mistake, avoidable or unjustified neglect resulting in secondary affliction, seems obnoxious to the purpose and spirit of such a statute. To so hold might induce industry to encourage quackery, and place a premium upon negligence, inefficiency and wanton disregard of the professional obligations of medical departments of industry, toward the artisan. Such is the view entertained by courts of last resort in other jurisdictions where the subject has required specific attention."

Under the common law, every physician and surgeon is answerable for want of the requisite knowledge or skill or the omission to use reasonable care or diligence or the failure to exercise his best judgment. (41 Am. Jur., p. 198, sec. 79.) We cannot hold that the legislature, by the passage of the compensation act, intended it to be so construed that the physician should be absolved from his responsibility to his employee patient, in compensation cases, on the theory that the patient's only remedy is under the act. Such construction would be a denial of a common law right, clearly not intended by the act.

In the case of *Sprouse v. McGee,* 46 Ida. 622, 269 P. 993, this Court, in construing certain of our statutory provisions, said: "We must construe these sections in view of the principle that changes in the common law by the adoption of a statute are not to be presumed, unless an intent appears to accomplish that purpose."

That the physicians were negligent in treating the appellant in this case, is an assumption, of course, based upon the condition of the pleadings, since the demurrer admits

the truth of the allegations contained in appellant's complaint. (*Ashley v. Richard*, 32 Ida. 551, 105 P. 1076; *Blackwell v. Kercheval*, 27 Ida. 537, 149 P. 1060; *Idaho Irrigation Etc. Co. v. Lincoln County*, 28 Ida. 98, 152 P. 1058; *Fond v. McCreery*, 55 Ida. 144, 39 P. (2d) 766; *Henderson v. Twin Falls County*, 56 Ida. 124, 50 P. (2d) 597; 101 A. L. R. 1151; *Boise 'Payette Lbr. Co. v. Idaho G. D. Corp.*, 56 Ida. 660, 58 P. (2d) 786.)

The judgment of the trial court is reversed, and the cause remanded, with directions to the trial court to overrule the demurrer and permit defendants to answer.

Costs to appellant.

I am authorized to state that Mr. Justice Givens concurs in this opinion.

BUDGE, J. (Concurring specially.)—I concur in the conclusion reached in Justice Dunlap's opinion. But I am not at this time prepared to commit myself to the holding that under the facts alleged in appellant's complaint, appellant had the option to claim compensation under the Workmens' Compensation Act or proceed in the District Court to recover damages alleged to have been sustained.

It is my present opinion that under the facts alleged in the complaint, sole jurisdiction is in the District Court. Moreover, I am not persuaded that we are called upon to decide whether or not appellant had a choice of remedies. The pertinent question here for determination is whether or not the complaint states a cause of action over which the District Court has jurisdiction.

AILSHIE, J. (Dissenting.)—The majority opinion in this case amounts to a very material and substantial amendment to the Workmen's Compensation Law. It amends secs. 43-1107, 43-1108, and 43-1109, by opening the door to actions for alleged negligence against contract hospital associations and contract doctors who may be employed to treat workmen; converts them into "third persons" (sec. 43-1004, I. C. A.) under the statute and converts a physician, who is employer, into a "third party" subject to common law actions on charges of negligence in treating his own employees. It brings back into the administration of the Workmen's Compensation Law the old common law

problems of *negligence* which the statute intended to out-law and which have been held time and again by this court as *no longer* issues in compensation cases.. (Sec. 43-902, I. C. A.)

It is conceded that appellant sustained an injury as the result of an accident which occurred while appellant was engaged in the course of his employment. He went to the hospital designated by the contract doctors and was by them treated. *The accident brought these doctors into the case.* Under this hospital contract, appellant was paying $1.00 per month as fee for medical and hospital service and, under the statute (sec. 43-1108), the hospital took over and assumed the duties of the employer to furnish medical and surgical service. (Sec. 43-1107.) While thus in the hospital under treatment for an industrial injury, he was an employee of the master.

According to the complaint, the doctors furnished by the hospital under this contract attempted treatment and instead of furnishing skillful and competent treatment, they rendered careless and negligent treatment to the injury and damage of appellant. It seems too plain for reasonable debate, that these doctors received appellant for treatment under this hospital contract and rendered their service thereunder; that they received appellant solely and only because of his having met with an accident while in the service of the employer; and that the acts of negligence charged were committed, if at all, as a result and sequence of the employment and accidental injury incident thereto.

Now that these doctors received the employee as the agent of the employer and *in his place and stead,* just when and how do they become "third persons" and therefore excluded from the operation of the compensation law? Just how and by what process of reasoning can it be said, that if they commit an act of negligence, such act removes the treatment or malpractice from the operation of the compensation law? Secs. 43-1108 and 43-1109 specifically provide for such contracts and waiver of the requirements of sec. 43-1107.

In *Arneson v. Robinson,* 59 Ida. 223, 82 P. (2d) 249, this court had under consideration the construction and application of secs. 43-1107, 43-1108, 43-1109, 43-902, and 43-1413, I. C. A., as related to the rights of an employee and the jurisdiction of the board. Among other things, this court said:

"Appellants urge the board had no jurisdiction to order this reimbursement and that respondent having waived the provisions of sec. 43-1107, I. C. A., any relief under sec. 43-1108, I. C. A., must be had in an independent action as for breach of contract. Having waived sec. 43-1107, I. C. A., respondent's rights are to be measured under sec. 43-1108. . . .

"Section 43-1108 recognizes the right of the employee and employer to, by agreement, enter into such arrangement, which both by reason of the general law theretofore applicable to such agreements and the evident purpose and effect of sec. 43-1109, I. C. A., contemplates redress to the employee for breach of such agreement.

"Any question arising under such agreements are, however, questions under the act because the act grants the right to make such contract; in other words, if sec. 43-1107 had been the only statute, no such agreement as authorized by sec. 43-1108 could have been made because of the mandatory and exclusive language of sec. 43-1107 and similar language in regard to other features as secs. 43-1103 [43-1003] and 43-1006, I. C. A.

"The language in sec. 43-902 is sufficiently broad to include hospital contracts and rights and liabilities thereunder as being under the jurisdiction, in the first instance, of the Industrial Accident Board and such has been held not unconstitutional as infringing or contrary to art. 2, sec. 1, or art. 5, sec. 2; 71 C. J. 290, sec. 35.

"The legislature has given the board jurisdiction as an investigating and fact finding administrative board of all questions, not otherwise settled, arising under and from the act, sec. 43-1413.

"The question of compliance by the employer and his contract physician or hospital is under the supervision of the board as to 'services and treatment' which must mean the kind of services and treatment, i. e., *competent or negligent, adequate or inadequate, and if the board has supervision of the services and treatment, wrongful neglect or refusal to give any is as much included in such supervision as negligent treatment,* and sec. 43-1109 requires a bond to be given and filed with the board, to be approved by it, guaranteeing *that it will 'faithfully furnish'* such *treatment.* Wrongfully refusing any care would certainly not be 'faithfully furnishing.' To say that the board has jurisdiction

to determine whether treatment given is faithful performance but not to determine whether treatment should be given at all, which depends solely upon whether there was a compensable accidental injury, which question concededly the board alone has jurisdiction over, is a *non sequitur.*" (Italics supplied.)

*Sarber v. Aetna Life Insurance Co.,* 23 Fed. (2d) 434, is very much in point here on its facts. There the U. S. Circuit Court of Appeals for the Ninth Circuit was considering the employee's right of action against the insurance carrier, where the carrier had assumed and taken over the duty of furnishing medical and surgical aid to the employee. In the course of that opinion, Judge Rudkin said:

"Under the great weight of authority the employer is liable for all legitimate consequences following an accident, including unskillfulness or error of judgment of the physician furnished as required, and the employee is entitled to recover under the schedule of compensation for the extent of his disability, based on the ultimate result of the accident, regardless of the fact that the disability has been aggravated and increased by the intervening negligence or carelessness of the employer's selected physician. (*Drengwitz v. Lincoln Coal & Brick Co.,* 317 Ill. 302, 148 N. E. 79, 39 A. L. R. 1270; *Pawlak v. Hayes,* 162 Wis. 503, 156 N. W. 464, L. R. A. 1917A, 392; *Oleszek v. Ford Motor Co.,* 217 Mich. 318, 186 N. W. 719; *Kirby Lumber Co. v. Ellison,* (Tex. Civ. App.) 270 S. W. 920; *Ross v. Erickson Const. Co.,* 89 Wash. 634, 155 P. 153, L. R. A. 1916F, 319; *Smith v. Missouri K. & T. Ry. Co.,* 76 Okl. 303, 185 P. 70; *Booth & Flinn v. Cook,* 79 Okl. 280, 193 P. 36.) The rule is the same in common law actions for negligence. See *Hooyman v. Reeve,* 168 Wis. 420, 170 N. W. 282, and cases above cited.

"For these reasons, we are of opinion that the original accident was the proximate cause of the damages claimed in this action, and the state Compensation Act provides what the Legislature has deemed just and adequate compensation for all such injuries. If we are correct in this conclusion, there is little room to doubt that the remedy thus provided is exclusive of all other remedies, common law or statutory, as between the employee, on the one hand, and the employer and the insurance carrier, on the other, and that the exclusive provisions of the Compensation Act

cannot be evaded by bringing an action in some other form or under some other name."

The exact question involved in the case before us was involved in *Roman v. Smith,* 42 Fed. (2d) 931, in which Federal Judge Cavanah cited and followed the foregoing from Judge Rudkin and said, *inter alia*:

"The inquiry here is, Was the injury for which plaintiff is seeking compensation so related to and connected with the injury he received by reason of the accident as to authorize an award under the Compensation Act, and, if so, is the remedy thus provided exclusive of all other remedies? It is evident from a reading of the Idaho Workmen's Compensation Act that the Legislature intended to withdraw from private controversy and insure relief for injured workmen regardless of the question of fault and to the exclusion of every other remedy, except as provided by sec. 6220, C. S. Idaho [sec. 43-1004, I. C. A.], . . .

"An employee may recover under the act compensation for a new injury or an aggravation of his original injury, resulting from surgical or medical treatment, when there is no intervening independent cause to break the chain of causation between the new injury and the original injury, and this rule seems to apply even where the disability has been increased by the intervening carelessness of the employer's selected physician. *It is now recognized that surgical treatment is an incident to every case of injury, and, where a workman meets with an accident and is taken to a hospital and placed under the care of the employer's physician, he is, under the law, still in the course of his employment.*" (Italics supplied.)

This brings me to a consideration of the case of *Baker v. Wycoff,* 79 P. (2d) 77, chiefly relied upon by the majority opinion. I do not think this case supports the contention for which it is cited. That opinion is predicated on the provisions of sec. 42-1-58, R. S. 1933 (Utah Code), which, while it differs considerably in verbiage, is in effect substantially the same as our sec. 43-1004, I. C. A. That was an action against the doctor for damages for negligence in treating an injured workman. The court said:

"The first inquiry is whether the negligence of the physician is an injury for which compensation is payable under the statute. The answer must be in the affirmative, as it seems well settled that, where the chain of causation be-

tween an accidental injury and the ultimate disability remains unbroken, an injured employee is entitled to statutory compensation for the ultimate injury resulting from the accidental injury, though the injury has been aggravated by intervening malpractice. *The treatment of the original injury by a physician is within the chain of causation.*" (Italics supplied)

From thence the court proceeded to discuss, analyze, and consider cases from other states and finally concluded that the physician, who treated the workman, was a "third person" within the provision and meaning of the statute above referred to. The line of reasoning followed by the opinion in that respect is difficult to follow but it should be remembered that the court was nowhere considering, or called upon to consider, the provisions of a statute similar to our secs. 43-1108 and 43-1109; and, so far as I am able to discover, Utah has no such provisions in its Workmen's Compensation Act. So, the case chiefly relied upon as authority here wholly fails to take into consideration the decisive provisions of our statutes (sec. 43-1108 and 43-1109.) Nor does it take into consideration any statute comparable to our sec. 43-902, which "declares that *all phases of the premises are withdrawn from private controversy,* and sure and certain relief for injured workmen and their families and dependents is hereby provided *regardless of questions of fault and to the exclusion of every other remedy.*" (Italics supplied.)

A careful examination of the authorities fails to disclose any case decided under statutes, like or similar to our secs. 43-902, 43-1107, 43-1108, and 43-1109, that sustain the holding of the majority opinion herein. To the contrary, are the two Federal cases above cited, of which the Roman case is under our statute.

By this decision the court is throwing open the flood gates of litigation in all hospital and medical attendance contracts wherever and whenever negligence is alleged.

I dissent.

Holden, C. J., concurs in this dissent.

## ON REHEARING

### July 11, 1944

DUNLAP, J.—Petition for rehearing was granted in this case, and on court order based on petitions therefor, the following counsel appeared, amici curiae: Wm. D. Keeton, Ralph R. Breshears, Judge W. F. McNaughton and Robert H. Elder.

The cause was reargued at the Coeur d'Alene Term on the 27th day of May, 1944, and elaborate, exhaustive and able briefs have been filed by respective counsel.

Objections to the decision seem to be generally predicated on the following grounds, to-wit:

(1) It is urged the Court failed to fully consider the provisions of Sec. 43-1109, I. C. A.

(2) That Sec. 43-1004, I. C. A., which permits election of remedies by the workman is not broad enough to include the alleged malpractice of a physician, and that physicians are not third parties within the meaning of this said section.

(3) That under Sec. 43-1108, I. C. A., the workman accepts the physician and his liability for treatment in substitution of the employer, and hence is entitled to the security afforded by the Workmen's Compensation Law for the malpractice of the physician.

(4) That since Sec. 43-1109, I. C. A., requires the contract physician to furnish bond, if required, recovery may be had out of the bond for the malpractice of the physician.

(5) That physicians, under Sec. 43-1108, I. C. A., and Sec. 43-1109, I. C. A., are contract physicians by the mutual acts of the employer and employee.

(6) That the Court's decision is based primarily upon decisions from other jurisdictions therein cited, it being suggested these decisions are not authority for the construction which we placed on our own Workmen's Compensation Law on the points involved, inasmuch as the decisions are from jurisdictions having no statutory provisions on the questions under consideration similar to the provisions of our own statute.

With respect to the last contention above referred to, we pointed out in the decision that our statutes were to be

determined on a basis of the intent of the Legislature, to be obtained as that intent was expressed in the statute directly or by necessary implication. The reference to the decisions not having similar statutory provisions, which we referred to and cited therein, was for the purpose of illustrating the reasoning of the different courts on questions pertaining to the liability of a physician for malpractice in treating compensation cases, rather than as precedence based upon like statutes. Some of the cases cited as well as other cases involving the question, are collected and discussed in an exhaustive article on the subject, "Malpractice Actions and Compensation Acts," by Paul A. Leidy, Professor of Law, University of Michigan, in the Michigan Law Review for March, 1931.

Several objections to the decision are premised upon the conclusion this Court has overlooked the purpose of our Workmen's Compensation Law as expressed in Secs. 42-902 and 43-1003, I. C. A. As we read these sections, they apply to injuries to a workman arising out of and in the course of his employment. In such event, the rights and remedies granted by those sections, of course, exclude all other rights and remedies of the employee but we cannot read into these provisions or any other provisions of our statute, an expression of our legislature to the effect that injuries received by a workman which were not received in his employment and in the course thereof, were to be covered by these provisions. The Legislature, in referring to the rights and remedies therein granted make the act exclusive against the employer.

As stated in the original opinion, the injury to the workman in the case at bar was an independent injury which did not arise out of or in the course of his employment. Rather it was the result of a tort committed upon him by third persons—the contracting physicians and their attendants, while treating an injury arising out of and in the course of employment.

It is not thought that Sec. 43-1109, I. C. A., providing for a bond on the part of the contracting hospital, if required by the board, in any way lessens the liability for tort of the contracting hospital or physician. Whether or not a right of action on the bond is vested in the employer or employee, or both, is not raised by the issues in this

case, and neither is the right of enforcement of liability which may accrue under the bond.

By the provisions of Sec. 43-1004, I. C. A., the Legislature intended to grant to the injured employee an option to claim compensation under the act or to proceed at law against a third person when the injury for which compensation is payable under the act has been sustained under circumstances creating in such third person a legal liability to pay damages in respect thereto. The provisions of this section are clear and unambiguous and we think that had the Legislature intended to except an injury through malpractice at the hands of a contracting physician, it would have so declared.

In case an employer has been called upon under the Act to make payments to compensate for such injuries, he is subrogated to the rights of the injured employee to recover the amounts thus paid out and should the employer recover more, then the excess is to be paid to the injured employee, less the employer's expenses and costs of action, if he prosecute one.

Similar statutory provisions are discussed by Professor Leidy in the article above referred to, and as his analysis of the rights and remedies of a workman under such a statute appear to us to be clear and logical, we quote in part from the article, as follows:

"It is very commonly provided that, if the employee is hurt while in the course of his employment, under such circumstances as would create at common law a right of action against 'some one other than his employer'—or 'some third person'—the injured employee may, at his option, pursue his common law remedy against the actual wrongdoer, or, in the alternative, claim his statutory compensation from his employer. If the statutory phrase is of the first type—'some one other than his employer'—there would seem to be little doubt as to its meaning. If the phraseology is of the second type—'a third person'—there might be more room for argument, though the legislative intent would seem to be sufficiently clear. With no attempt to exhaust the cases in which the words 'third person' have been interpreted it may be said that there is authority for the statement that a fellow employee is such a third person, an official of the employing company may be such a third person, and an agent of the employer comes within the

meaning of the expression. The surgeon who attempts to set the employee's fractured femur would certainly appear to be no less a third person whether he be selected by the employer or by the injured employee. We might expect that the common law tendency suggested above, to look for the last wrongdoer, would raise some doubts as to the liability of the original actor for the subsequent malpractice. We could conceive of different results being reached in the event that the physician was selected by one party or the other. But, whatever the merits of the distinction, from the standpoint of causation, there would appear to be no merit to such a distinction when the problem is simply one of statutory interpretation of the expression under consideration. The words used would seem to be as inclusive as the New Jersey Court suggested when, in determining that a fellow servant was such a third person, it said: 'We see no reason for attributing to the words 'third person' any other meaning than the usual one. It must mean, as indeed the subsequent language of the section makes perfectly clear, a person other than the employer and employee.' So construed, then, the physician is a 'third person,' even though he be the 'company doctor.' This provision of the statute covers our case, then, if (1) the aggravation is an 'injury' within the meaning of this section of the statute, and if (2) the employee may be said to have received the injury 'while in the course of his employment.'

"On the first point there would seem to be grave doubts as to whether the legislature meant to include the malpractice cases. It would seem more likely that 'injuries received under such circumstances as would, at common law, create liability in some third person' would contemplate those original injuries so received. But, admitting the doubt, whether it is resolved for or against the inclusion of the malpractitioner's acts would seem to be of no great importance. For, if such injury was meant, the workman would appear to have the option provided by the section under consideration. If such an injury was not contemplated, the workman would have his common law right against the negligent attending physician, if we are correct in assuming that only insofar as the statutes expressly or by necessary implication provide, that there shall be an alteration of the common law rights of the employees. The second point presents an interesting question, and yet, here again, there would appear to be no great difference in the rights

of the injured workman, however it is answered. It might, with some force, be argued that when injured by the malpractitioner, the workman was not 'in the course of his employment.' The fact that the courts hold the employer liable for compensation for the extra period of disability, would in no way require the conclusion that the workman was 'in the course of the employment' during the period of extra disability, nor, for that matter, during the period of disability resulting from the original injury. The employer is liable, because, as a matter of causation, following the decisions of similar cases at common law, the disability produced by the negligent attending physician was a proximate, and not a remote, consequence of the original injury for which the employer was already liable under the act. Hence, here, as in the case of the question as to whether or not this was such an injury as the legislatures had in mind when framing this section of the Compensation Acts, there would seem to be no serious obstacle to the servant's recovering from the malpractitioner. If the injury was received 'while in the course of the employment, the section would give the employee his option. If such an injury may be said to have been received when the workman was not in the course of his employment, his common law action against the physician would appear to be intact. Apparently the attorneys for workmen suffering these double injuries have reasoned somewhat as has been suggested above, and, assuming that the employee's common law rights did still exist against the negligent physicians, they have advised actions at law in some cases."

The fact that the contract specified by Sec. 43-1108, I. C. A., is a mutual one of the employer and the employee and the contracting hospital does not lessen the liability of the contractor to the patient for malpractice. Neither does the fact that hospitals entering such contract, are maintained under the supervision of the board as to services and treatment rendered, excuse a responsibility to the patient for proper treatment, nor vest in the board under such circumstances as exist in this case, sole power to determine whether or not proper treatment is rendered. It seems to us that under our statute, the jurisdiction of the Industrial Accident Board, is limited to cases involving questions between the employee and employer and that such Board is without jurisdiction in a case like this where the employee

seeks, through the courts, to enforce a common law right against a third person.

We adhere to our former decision.

Givens, J., concurs in this decision. Budge, J., concurs in the conclusion reached.

HOLDEN, C. J. (Concurring specially.)—A very close question is presented in the case at bar. Did the legislature intend to grant an injured workman an option to either prosecute an action at law against a physician for alleged failure to use reasonable and ordinary care in treating injuries sustained by him by accident arising out of and in the course of his employment, or prosecute a claim for compensation before the Industrial Accident Board? Entertaining grave doubts as to whether this question had, or had not, been correctly answered, this court ordered a rehearing. At the rehearing every angle of the question was very forcefully, ably and exhaustively discussed by counsel for the respective parties, as well as by amici curiae. After a careful examination of the authorities cited by the parties and by amici curiae, and re-examination and study of the pertinent provisions of the statute, I have reached the conclusion that justice will best be served by holding the legislature intended to give an injured workman an option to prosecute a negligent physician in an action at law or claim compensation before the board. The legislature will shortly convene and will, therefore, have an opportunity to further legislate on the subject if it chooses to do so. For the above stated reasons, I concur.

AILSHIE, J. (Dissenting.)—The opinion on rehearing appears to me to be predicated fundamentally upon the following statement therein contained:

"As stated in the original opinion, the injury to the workman in the case at bar was an independent injury which did not arise out of or in the course of his employment. Rather it was the result of a tort committed upon him by third persons—the contracting physicians and their attendants, while treating an injury arising out of and in the course of employment."

The foregoing statement appears to be made both as a

statement of fact and of law, each of which I challenge. In the first place, the malpractice here complained of would never have occurred, had it not been for the original injury received "in the course of employment," and which injury was being treated by the company doctor as a result of the accident.

I do not understand how it can be asserted, as either a matter of fact or law, that the alleged malpractice "did not arise out of or in the course of his [the workman's] employment."

In the second place, the assertion, that the malpractice was "the result of a tort committed upon him by third persons," is equally untenable. The alleged malpractice was committed by a *contract doctor*, whose contract had been submitted to and approved by the Industrial Accident Board and ratified by the employee. It requires an expansive strain of imagination, to hold that a doctor, who is under contract to treat the employees of an employer and who receives and treats an injured workman, does so *as a "third person,"* rather than under his *contract with the employer* approved by the Board.

I adhere to the views expressed in my dissenting opinion on the original hearing.