**Claudine Beck DeHAVEN, Appellant,**

v.

**Dr. Philip CAULFIELD et al., Appellees.**

**No. 17129.**

United States Court of Appeals District of Columbia Circuit.

Argued Dec. 14, 1962.

Decided Jan. 24, 1963.

---

1. See §§ 4705(a) and 4704(a) of Title 26 U.S.C. and § 174, Title 21 U.S.C.

Mr. Daniel I. Sherry, Washington, D. C., with whom Mr. Aaron M. Levine, Washington, D. C., was on the brief, for appellant.

Mr. William E. Stewart, Jr., Washington, D. C., with whom Mr. Richard W. Galiher, Washington, D. C., was on the brief, for appellee Hurston and certain other appellees.

Mr. J. Joseph Barse, Washington, D. C., was on the brief for appellee Caulfield. Messrs. Walter J. Murphy, Jr., H. Mason Welch, J. Harry Welch and James A. Welch, Washington, D. C., also entered appearances for appellee Caulfield.

Before FAHY and BASTIAN, Circuit Judges, and BELL, Circuit Judge for the Fourth District.*

PER CURIAM.

On May 8, 1961, while working as a waitress for the Sheraton Park Hotel, Claudine Beck DeHaven, plaintiff below, fell and injured her shoulder. At the direction of her employer, she was treated by Dr. Philip Caulfield until May 26, 1961, and by the Union Market Clinic, operated by Drs. Hurston and Cafritz, from June 5 to July 8, 1961. Mrs. DeHaven was paid Workmen's Compensation benefits until July 16, 1961; however, no final award has been made.

On October 12, 1961, Mrs. DeHaven began this action alleging malpractice by the above mentioned doctors in the treatment of her injury. As to the merits of her action we neither express nor imply an opinion.

The defendant doctors filed motions for summary judgment, asserting that the remedy of the Workmen's Compensation Act is exclusive. The District Court granted the motion and the injured employee brought this appeal.

The Longshoremen's and Harbor Workers' Compensation Act, Chapter 18 of Title 33 U.S.C., is made applicable to every employee of an employer carrying on a business in the District of Columbia by Title 36 D.C.Code Sec. 501. 33 U.S.C. § 933(i) provides that:

"The right to compensation or benefits under this chapter shall be the exclusive remedy to an employee when he is injured * * * by the negligence or wrong of any other person or persons in the same employ: *Provided,* That this provision shall not affect the liability of a person other than an officer or employee of the employer."

Appellees seek to show that they are not third persons within the meaning of the Act. We find no basis for such a holding. Defendant doctors in the in-

* Sitting by designation pursuant to Sec. 291(a), Title 28, U.S.Code.

stant case are clearly "other than an officer or employee of the employer".

Cases cited by defendants in which the action is brought against the employer are distinguishable. Defendants cite Roman v. Smith, 42 F.2d 931 (N.D. Idaho 1930), decided under the Idaho statutes, as authority for their position. The reasoning of that case, decided by the District Court prior to a ruling by the highest court of the state, was expressly rejected by the Supreme Court of Idaho. In Hancock v. Halliday, 65 Idaho 645, 150 P.2d 137, 154 A.L.R. 295 (1944) the court, after carefully reviewing many cases from other jurisdictions, placed that state with the great majority of our courts which hold physicians liable for malpractice in Workmen's Compensation cases. See Larson, The Law of Workmen's Compensation Vol. 2, Sec. 72.61.

Appellees' claim of possible double recovery by the injured employee has no merit. There is no showing that there will be any double recovery in the instant case.

Reversed and remanded.