531 P.2d 227

**IDAHO TITLE COMPANY, an Idaho Corporation, Plaintiff-Respondent,**

v.

**The AMERICAN STATES INSURANCE COMPANY, an Indiana Corporation, Defendant-Appellant.**

**The AMERICAN STATES INSURANCE COMPANY, an Indiana Corporation, Third-Party Plaintiff-Appellant,**

v.

**Thelma TURNER, Third-Party Defendant-Respondent.**

**No. 11329.**

Supreme Court of Idaho.

Jan. 29, 1975.

Max Eiden, Jr., of Clemons, Cosho, Humphrey & Samuelsen, Boise, for appellant.

Dale G. Higer of Eberle, Berlin, Kading, Turnbow & Gillespie, Boise, for respondent.

SHEPARD, Justice.

This is an appeal from a judgment in favor of plaintiff and third party defendant arising from a case involving a fire insurance contract, a fire loss and the question of who should ultimately bear the financial burden of the loss. We affirm the decision of the district court in part and reverse in part.

In October 1970 the residence in question was owned by Realty West, Inc. and First Federal Savings & Loan Association of Boise held a mortgage on the property. In that month American States Insurance Company, the defendant and third-party plaintiff and appellant in this action issued a fire insurance policy in the amount of $20,000, naming Realty West as the owner and First Federal as mortgagee as named insureds. That policy was issued by Palmer Insurance Agency of Boise, a local agent of American States. Prior to the events concerned in this case, that policy of insurance was in the possession of First Federal.

Realty West undertook to sell the residence in question to William E. and Annabelle Snethen. On February 26, 1971 the Palmer Insurance Agency as agent for American States issued an endorsement to the previously mentioned insurance policy changing the names of the insureds therein to the Snethens and Equitable Savings and Loan Association as owners and mortgagees, and increasing the coverage from $20,000 to $22,000. That endorsement was requested by Equitable through which the Snethens had arranged to finance their purchase of the property. That endorsement was sent to Equitable and throughout the events in question here remained with Equitable and was never surrendered.

The parties to the purchase and sale transaction selected the plaintiff-respondent Idaho Title Company as the closing agent. Thelma Turner, third party defendant-respondent in this action, was an employee of Idaho Title Company and handled the actual closing of the transaction. Neither the Snethens nor Equitable had

furnished Idaho Title or Mrs. Turner with any instructions in regard to the insurance on the building. Mrs. Turner was not aware of, and had never seen, the endorsement to the policy which had previously been sent to Equitable. Nevertheless Mrs. Turner obtained the original insurance policy from First Federal and submitted it to the Palmer Insurance Agency, requesting that the policy be cancelled and that the unearned premium be sent to Realty West. In conformance therewith American cancelled the policy effective March 15, 1971 and sent the unearned premiums to Realty West.

Neither the Palmer Agency nor American sent any notice to anyone that the policy had been cancelled. The Palmer Agency as American's agent made no inquiry regarding the authority of Idaho Title or Thelma Turner to cancel the policy. Mrs. Turner and the Palmer Agency apparently acted pursuant to long standing custom whereby the Title Company when acting as closing agent in real estate transactions customarily cancelled insurance policies where appropriate and the Palmer Agency processed such cancellations upon the Title Company's request without any further inquiry or the giving of any notice.

All of the above facts were the subject of findings by the district court, are not seriously contested here, and are supported by substantial competent evidence.

In April, 1971 the property was damaged by fire in a stipulated amount of $7,301.60. American States refused to pay the loss. Idaho Title paid the amount of fire loss to the Snethens and Equitable and in consideration therefor took an assignment of all causes of action or claims against American States which arose out of the fire loss. Idaho Title then brought this action against American States to recover the amount of the loss, plus interest, attorney fees, and costs. American States answered alleging that the policy upon which the action was predicated had been cancelled, that Idaho Title was estopped from bringing the action, that the Snethens and Equi-

table knew of the cancellation and were barred thereby from claiming under the policy and that such knowledge barred their assignee, Idaho Title. American States sought dismissal of the action because the damages, if any, suffered by the Snethens and Equitable were the direct result "of the negligent acts and misrepresentations of the plaintiff Idaho Title Company." Additionally, American sought a contingent recovery in tort from Thelma Turner as a third party defendant.

After the matter had been submitted to the district court on stipulated facts, supplemented by additional proof, the district court made findings of fact, conclusions of law, a memorandum decision and entered judgment in favor of Idaho Title against American States in the amount of $7,251.-60, together with attorney fees of $1,847.-75, plus costs. As to the third party cause of action by American States against Thelma Turner, judgment was entered in favor of the third party defendant.

Essentially the reasoning of the district court as embodied in its memorandum decision was that none of the parties to the action were free from fault, and that neither Idaho Title nor its agent Thelma Turner had authority, express, implied or apparent from the insureds to cancel the insurance policy. The court further reasoned that Mrs. Turner's reliance on the prior customary procedures and her failure to make inquiry before requesting cancellation consisted of negligence and that occurring as it did within the scope of her duties was imputed to Idaho Title but not the Snethens or Equitable. The district court characterized American States' failure to inquire under the circumstances as being negligent in that although American States had no actual notice of the endorsement changing the named insureds it was nevertheless charged with notice because of the action of its agent Palmer Agency, and that the purported cancellation of the insurance contract by American States was wrongful, void and of no effect. The district court viewed, and in our opinion cor-

rectly, the principal claim in this action as one sounding in contract and the application of any tort doctrine was limited to the third party complaint.

We deem it clear at the outset that had the Snethens and Equitable themselves brought an action on the policy against American States, recovery would have been warranted regardless of the purported cancellation, assuming compliance with other terms of the contract such as adequate proof of loss. It is also of importance to note that the principal liability imposed upon the insurance company by the judgment of the district court was not a new one, but a liability to which the company had previously voluntarily subjected itself by contract. Based on the record, we hold the liability of American States on the contract of insurance was in no way increased by the negligent misrepresentations of Idaho Title through its employee Turner, nor would the company have escaped liability on the contract if those misrepresentations had never been made.

We turn first to the findings of the district court that Idaho Title had no authority implied, express or apparent from its principals to cancel the contract of insurance. Those findings are not clearly erroneous but rather are supported by substantial competent evidence and will not be disturbed on appeal. I.R.C.P. 52(a). Stephens v. New Hampshire Insurance Co., 92 Idaho 537, 447 P.2d 14 (1968); Huppert v. Wolford, 91 Idaho 249, 420 P.2d 11 (1966). The existence or lack of authority of an agent is a question of fact. Clark v. Gneiting, 95 Idaho 10, 501 P.2d 278 (1972).

Appellant contends that although Idaho Title, as an assignee for value of the insureds' cause of action, would ordinarily be entitled to recover, nevertheless in the instant case the doctrine of equitable estoppel should be held as a bar to recovery by Idaho Title. We do not agree.

Authority or apparent authority of an agent cannot be created by the acts or statements of the agent alone. Killinger v. Iest, 91 Idaho, 571, 428 P.2d 490 (1967); Clements v. Jungert, 90 Idaho 143, 408 P.2d 810 (1965). American States had the duty of using reasonable diligence to ascertain if Idaho Title and its employee Turner had authority to request cancellation. March v. Snake River Mut. Fire Ins. Co., 89 Idaho 275, 404 P.2d 614 (1965); Curtis v. Zurich General Accident and Liability Ins. Co., 108 Mont. 275, 89 P.2d 1038 (1939). The fact that Idaho Title surrendered the original insurance policy gave American States no right to assume that such authority existed. Spann v. Commercial Standard Ins. Co. of Dallas, Tex., 82 F.2d 593 (8th Cir. 1936); 3 Couch on Insurance § 25.16 (2nd ed. 1960). We therefore agree with the findings and conclusions of the district court that reliance by the insurance company on Mrs. Turner's implied assertions of authority to cancel was legally unjustified.

The court stated in the case of Bjornstad v. Perry, 92 Idaho 402, 443 P.2d 999 (1968):

"Equitable estoppel generally requires that a false representation or concealment of a material fact be made with actual or constructive knowledge of the true state of facts; that the party to whom the false representation was made was without knowledge or the means of acquiring knowledge of the real facts; that the false representation was made with the intent that it be acted upon; and that the party to whom it was made relied and acted upon it to his prejudice." 92 Idaho at 405, 443 P.2d at 1002.

All of the above factors are of equal importance and there can be no estoppel absent any of the elements. Sullivan v. Mabey, 45 Idaho 595, 264 P. 233 (1928). Alder v. Mountain States Tel. & Tel. Co., 92 Idaho 506, 446 P.2d 628 (1968).

It is clear that American States had no right to rely on the misrepresentation made by Idaho Title and its employee Turner. Further we note that a party asserting an estoppel must have relied on the other party's misrepresentation or concealment *to his detriment*. If there be no

injury there is no estoppel. Moen v. Minzel, 79 Idaho 228, 313 P.2d 1079 (1957). In the instant matter the insurer, American States, did not change its position to its detriment when it cancelled the insurance policy. In the case at bar, although it is clear that negligence is attributable to Idaho Title such in no way impaired the ability of American States to discharge its contractual liability. American States in no way changed its position as to its contract liability as the result of the misrepresentations of Idaho Title and its employee. Prior to those misrepresentations American States was liable on its contract of insurance and following the misrepresentations and the decision of the district court American States was still liable on the contract of insurance and in no greater amount or degree.

We conclude therefore that at least two of the essential elements of equitable estoppel are not present in the factual circumstances as found by the district court and accepted by this court on appeal. The doctrine of equitable estoppel can have no application and constitutes no bar to the claim of Idaho Title against American States.

█ We turn now to the American States third party claim against Thelma Turner. It is clear that Mrs. Turner had a duty of reasonable care and that her unauthorized cancellation of the insurance policy was negligent. Nevertheless the district court found (which is well substantiated by the evidence) that American States' acceptance of the request for cancellation of the policy without further inquiry was likewise negligent.

We hold that the judgment of the district court against the third party plaintiff American States was correct for at least two reasons. Under the law in effect at the time of the negligent misrepresentation, contributory negligence was a complete bar to recovery in a negligence action. *See* I.

C. § 6–801. Additionally it is clear that a plaintiff must prove that he was injured by the negligent conduct before any liability for negligence may attach. Jones v. Talbot, 87 Idaho 498, 394 P.2d 316 (1964); Barron v. Koenig, 80 Idaho 28, 324 P.2d 388 (1958). As stated in Prosser, Law of Torts § 110 (4th ed. 1971):

> "There can be no recovery if the plaintiff is none the worse off for the misrepresentation, however flagrant it may have been * * *."

As indicated herein the only effect of the negligent misrepresentation was that American States also negligently and without any legal justification believed for a period of time that it was no longer the carrier of the insurance on the property. American States, as a result of the judgment of the district court, is subjected only to that liability for which it had previously contracted.

█ Under the unusual and peculiar circumstances of this case Idaho Title is the assignee of the claim of the real insureds, Snethen and Equitable, and the purported cancellation was the basis of the Company's initial denial of liability and was its asserted defense in this action. Hence the judgment of the district court awarding Idaho Title attorney fees at the trial is reversed. No attorney fees on appeal are allowed.

The judgment of the district court is affirmed in part, reversed in part and remanded to the district court for the entry of a new judgment consistent with this decision. No costs allowed.

McFADDEN and DONALDSON, JJ., concur.

McQUADE, C. J., concurs in the conclusion.

BAKES, J., dissents without opinion.