# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 32119

| | |
|---|---|
| DARRELL EUGENE McCABE, ) | 2007 Opinion No. 20 |
| ) | |
| Plaintiff-Appellant, ) | Filed: April 19, 2007 |
| ) | |
| v. ) | Stephen W. Kenyon, Clerk |
| ) | |
| OLIVIA CRAVEN, CATHERINE KELLY, ) | |
| SGT. FLETCHER, TOM GILISPIE, ) | |
| ) | |
| Defendants-Respondents. ) | |
| ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Cheri C. Copsey, District Judge.

Order summarily dismissing complaint alleging state tort claim and 42 U.S.C. § 1983 claim, <u>affirmed in part</u>, <u>reversed in part</u> and <u>case remanded</u>.

Darrell Eugene McCabe, Boise, *pro se* appellant.

Hon. Lawrence G. Wasden, Attorney General; Timothy R. McNeese, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Judge

Darrell Eugene McCabe filed a verified complaint alleging he was wrongfully imprisoned for 228 days and that he was denied access to an inmate trust account and "indigent envelopes" during that time. The district court summarily dismissed McCabe's complaint after deciding that the statute of limitations had run. McCabe appeals, contending the district court erred in dismissing his complaint. We affirm in part and reverse in part.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

McCabe was convicted of driving while intoxicated (district court case No. CR96-2117) and for possession of a controlled substance (district court case No. CR97-720). On May 12, 1997, McCabe received concurrent sentences consisting of six years, with three years determinate. On April 19, 1999, a Twin Falls County district judge calculated that McCabe was

entitled to 209 days credit for time served prior to sentencing. On May 4, 1999, McCabe filed a Motion for Reconciliation for Credit for Time Served on Case No. CR 97-720 and Case No. CR 96-2117. McCabe asserted that because he was not released on his on recognizance on March 21, 1997, he was entitled to additional days of credit in CR 97-720. The Twin Falls judge determined that McCabe had already received the credit and that a probation violation in CR 96-2117, the other case, had prevented his release at that time. The judge then ordered: "The Court, having sentenced the Defendant to concurrent sentences in CR 97-720 and CR 96-2117, finds Mr. McCabe is entitled to receive a total of 209 days jail credit for time served prior to sentencing[.]"

McCabe now alleges that the respondents applied the 209 days credit to only one of his sentences, Case No. CR 96-2117. As a result, McCabe allegedly was imprisoned beyond his full term date of release--from July 23, 2002 until March 7, 2003. During the period before his release, McCabe repeatedly wrote inmate concern forms to prison officials requesting their attention to his ongoing incarceration.

Ten days after his release, McCabe received copies of paperwork from his old case file containing notations about his sentence calculations. The next day, McCabe filed a notice of claim with the Idaho Attorney General and the Idaho State Board of Corrections, claiming that the sentencing specialist whose initials appeared next to the time calculations "fill[ed] in erroneous hand written notes and deliberately thwart[ed] Plaintiff's efforts to set the record straight."

On March 7, 2005, two years from the last day of his imprisonment, [1] McCabe initiated the present civil action by delivering his complaint to a correction officer for filing with the district court.[2] In his complaint, McCabe alleged that he was subjected to cruel and unusual punishment and that the defendants further violated his constitutional rights to due process and equal protection by imprisoning him for 228 days beyond the expiration of his sentences. McCabe also claimed that during the extended period of imprisonment he was denied access to

---

[1]     McCabe is currently imprisoned for two felonies unrelated to this case.

[2]     Under the mailbox rule, certain pleadings by *pro se* inmates are considered filed when delivered to prison officials, rather than when received by the court clerk. *Munson v. State,* 128 Idaho 639, 642, 917 P.2d 796, 799 (1996).

2

an inmate trust account and "indigent envelopes," preventing him from contacting his family and loved ones. McCabe sought $100,000 in compensatory damages and $500,000 in punitive damages.

On May 12, 2005, the district court *sua sponte* issued an order of conditional dismissal and, after considering McCabe's response, dismissed the case on June 20, 2005.[3] The district court liberally construed McCabe's complaint as alleging causes of action under 42 U.S.C. § 1983 and Idaho's Tort Claim Act (ITCA). The Court reasoned that McCabe's claims failed to state a claim on which relief can be granted, were frivolous, and were barred by the two-year statute of limitations periods found in Idaho Code sections 5-219(4) and 6-911. The district court concluded:

> . . . the acts which [McCabe] says give rise to his claim arose no later than January 6, 2003, the date he claimed as his discovery date in the "Notice of Claim" he filed with the Department of Corrections on March 18, 2003, concerning the same facts. In fact, his claims arguably arose earlier. Therefore, any action should have been filed no later than January 6, 2005.

This appeal followed.

## II.

## ANALYSIS

### A.    Accrual of Causes of Action

McCabe contends first that the district court erred in determining at what point his causes of action accrued. He argues that each day he was wrongfully imprisoned represented a new violation thereby causing the statute of limitations to run anew. Because there is no genuine issue of material fact in dispute, we freely review the issues related to the statute of limitations, including accrual, equitable tolling, and equitable estoppel. *Nerco Minerals Co. v. Morrison Knudsen Corp.*, 140 Idaho 144, 148, 90 P.3d 894, 898 (2004); *C & G, Inc. v. Canyon Highway District No. 4,* 139 Idaho 140, 142, 75 P.3d 194, 196 (2003).

Time of accrual is governed by federal law with respect to McCabe's section 1983 claim, *Wallace v. Kato,* ___ U.S. ___, 127 S. Ct. 1091, 1095 (2007), and by state law as to his ITCA claim under I.C. § 6-901, *et. seq.* The Idaho Supreme Court has set forth the following framework for analyzing section 1983 limitations questions:

---

[3]    We are aware of no procedural rule authorizing *sua sponte* dismissal on the merits of a civil action for damages, but on appeal McCabe does not raise this procedural irregularity.

State law determines the length of the statute of limitations applicable to Title 42 U.S.C. § 1983 claims. This includes whether any state tolling provisions may apply. In Idaho there is a two-year statute of limitations on all section 1983 claims similar to personal injury actions.

Although state law governs statute of limitations restrictions on section 1983, federal law governs when accrual of such claims begins. According to *Henderson* [*v. State*, 110 Idaho 308, 715 P.2d 978 (1986)], "federal law determines the 'last act' for purposes of tolling a state's statute of limitations." The generally accepted rule is that *accrual begins when a "plaintiff knows or has reason to know of the injury which is the basis of their action."*

*Gibson v. Ada County*, 142 Idaho 746, 754, 133 P.3d 1211, 1219 (2006) (citations omitted) (emphasis added). Since I.C. § 6-911,[4] the statute governing McCabe's ITCA claim, was amended in 1985 with language similar to the federal discovery rule of accrual, *see Carman v. Carman,* 114 Idaho 551, 553, 758 P.2d 710, 712 (Ct. App. 1988), our point of accrual analysis is the same for an ITCA claim as it is for a section 1983 claim.

Broadly reading McCabe's appellate briefs, we interpret his argument as one calling for application of the continuing tort doctrine to his claims. Because accrual is the date when limitations statutes begin to run, it matters whether McCabe's federal and state claims involve a single tort with continuing damages, or a continuing tort, or a series of separately actionable torts. A claim based on a single tort ordinarily accrues when the tort is completed, and the continuing accrual of injury or damages does not extend the accrual date. *Sandutch v. Muroski,* 684 F.2d 252, 254 (3d Cir. 1982) (arrest based on allegedly false testimony was an actionable wrong; continuing incarceration was ill effect of this *pre-conviction* act); *Gibson*, 142 Idaho at 754, 133 P.3d at 1219. If McCabe's claims are viewed as a continuing tort, he "can reach back to its beginning even if that beginning lies outside the statutory limitations period, when it would be unreasonable to require or even permit him to sue separately over every incident of the defendant's unlawful conduct." *Heard v. Sheahan,* 253 F.3d 316, 319 (7th Cir. 2001). Finally, if the days of wrongful imprisonment are individually actionable, damages may be time-barred by I.C. §§ 5-219(4) and 6-911 unless the respective statutory limitations periods are tolled.

---

[4] Section 6-911 states: "Every claim against a governmental entity permitted under the provisions of this act or against an employee of a governmental entity shall be forever barred, unless an action is begun within two (2) years after the date the claim arose or *reasonably should have been discovered*, whichever is later." (Emphasis added.)

As we explain, McCabe's allegedly wrongful incarceration presents tortious conduct that is serial in nature, although a recurring wrong does not in itself justify characterization as a continuing tort.[5] *See Curtis v. Firth,* 123 Idaho 598, 603-04, 850 P.2d 749, 754-55 (1993). In continuing tort or continuing wrong cases, it is the cumulative effect of a continuous chain of tortious activity that causes injury, *id.*, and the wrongful acts must be so numerous and continuous that it is impractical to allocate damages across them. *Heard,* 253 F.3d at 318-19. "Since usually no single incident in a continuous chain of tortious activity can 'fairly or realistically be identified as the cause of significant harm,' it seems proper to regard the cumulative effect of the conduct as actionable." *Curtis,* 123 Idaho at 603, 850 P.2d at 754 (quoting *Page,* 729 F.2d 818, 821-22 (D.C. Cir. 1984)).

The wrongful incarceration alleged here is not the type of continuing conduct irreducible to particular wrongful acts. McCabe reasonably could have commenced his action on the first day of wrongful imprisonment (or when he reasonably should have discovered the injury), rather than waiting until after his last day of imprisonment. Unlawful imprisonment is unlike the uncompleted construction project or the intentional infliction of emotional distress justifying application of the continuing tort doctrine in *Farber v. State,* 102 Idaho 398, 630 P.2d 685 (1981) and *Curtis*. Thus, McCabe cannot bring suit for damages from any wrongful acts occurring outside the statute of limitations period.

Our holding is in line with *Cobbley v. City of Challis,* 138 Idaho 154, 59 P.3d 959 (2002), which involved a series of ongoing, discrete nuisances caused by dust from speeding cars. While the *Cobbley* Court recognized that a continuing nuisance is in some ways analogous to a continuing tort, the *Cobbley* Court implicitly recognized an important difference. In true continuing tort cases such as *Farber* and *Curtis*, where the wrongful acts are not reasonably reducible to individual causes of actions, the plaintiff can capture acts outside the filing period so long as any portion of the cumulative conduct occurs within the statutory limitations period. This "reach back" effect was not applied, however, to the continuing nuisance in *Cobbley* and

---

[5] The Idaho Supreme Court has characterized the doctrine of continuing violation as a doctrine of accrual and has cited with approval to its description by one federal court. *See Curtis v. Firth,* 123 Idaho 598, 603, 850 P.2d 749, 754 (1993) (quoting *Page v. United States,* 729 F.2d 818, 821-22 (D.C. Cir. 1984)). Our point of accrual analysis being the same under section 1983 and the ITCA, we therefore uniformly apply the common law doctrine of continuing violation to McCabe's federal and state claims.

5

should not apply to other serial violations consisting of fairly identifiable and actionable wrongs, each of which cause discrete injury. *Cobbley,* 138 Idaho at 158-59, 59 P.3d at 963-64.

In *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 110-121 (2002), the United States Supreme Court similarly distinguished a series of discrete acts, such as weekly discriminatory paychecks, from a hostile working environment in which the injurious employment practice cannot be said to occur on any particular day. Under this dichotomy, the Court held that "discrete discriminatory acts are not actionable if time barred,[6] even when they are related to acts alleged in timely filed charges." *Id.* at 113.

For purposes of accrual, we conclude that each day of allegedly wrongful imprisonment in the instant case was analogous to receiving a discriminatory paycheck or enduring another day of a continuing nuisance. Each new day that McCabe was wrongfully imprisoned represents another day on which the statute of limitations begins to run.[7] Having waited until two years after the last day of his imprisonment to file his complaint, McCabe's action may proceed on his claim for damages but only for one day of wrongful imprisonment--March 7, 2003.

## B.      Equitable Tolling of the Statute of Limitations

Because McCabe argues that the statute of limitations should be tolled due to his inability to obtain information about his wrongful incarceration, we must determine whether tolling of the statute of limitations brings additional injury days within the actionable period. Common law equitable tolling is a doctrine often misunderstood.

> [Equitable tolling] permits a plaintiff to avoid the bar of the statute of limitations if despite all due diligence he is unable to obtain vital information bearing on the [possible] existence of his claim. Equitable tolling is frequently confused both with fraudulent concealment on the one hand and with the discovery rule-- governing, as we have seen, accrual--on the other. It differs from the former in that it does not assume a wrongful--or any--effort by the defendant to prevent the plaintiff from suing. It differs from the latter in that *the plaintiff is assumed to*

---

[6]      As the Court reminded, "this time period for filing a charge is subject to equitable doctrines such as tolling or estoppel." *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002)

[7]      This is not to suggest that the wrongfully imprisoned are permitted to sleep on their rights while accruing damages. Because the writ of *habeas corpus* for sentence miscalculation, I.C. § 19-4203(2), provides a means for relief from wrongful imprisonment, the affirmative defense of laches may be asserted when necessary to prevent abuse of our holding here.

*know that he has been injured*, so that the statute of limitations has begun to run; but he cannot obtain information necessary to decide whether the injury is due to wrongdoing and, if so, wrongdoing by the defendant.

*Cada v. Baxter Healthcare Corp.,* 920 F.2d 446, 451 (7th Circ. 1990) (emphasis added).

Applying state equitable tolling law, *see Wallace,* 127 S. Ct. at 1098, requires taking into account that McCabe's two theories of recovery are governed by separate sections of the Idaho Code. Section 1983 claims are subject to the limitation provisions of I.C. § 5-201, *et seq.,* and for ITCA claims we look to I.C. § 6-901, *et seq..* Where not otherwise expressed by statute, Idaho's legislature has rejected the common law doctrine of equitable tolling. *See McCuskey v. Canyon County Com'rs,* 128 Idaho 213, 218, 912 P.2d 100, 105 (1996) ("Statutes of limitation in Idaho are not tolled by judicial construction but rather by the expressed language of the statute."). We consider the question of equitable tolling with respect to McCabe's two claims in turn.

We first note that the I.C. § 5-201, *et. seq.,* statutory scheme makes no express reference to *equitable* tolling.[8] Furthermore, I.C. § 5-219(4)[9] implicitly rejects equitable tolling where the statute of limitations has begun to run from an objectively ascertainable injury but the injury is

---

[8] Specific tolling provisions, however, are found, for example, in I.C. § 5-230, which was amended in 1993 to remove a tolling provision that benefited prisoners. Idaho Sess. Laws 309. *Cf.* I.C. § 5-213 (allowing tolling for prisoners in real property actions).

[9] Idaho Code section 5-219(4) states in relevant part:

[W]hen the action is for damages arising out of the placement and inadvertent, accidental or unintentional leaving of any foreign object in the body of any person by reason of the professional malpractice of any hospital, physician or other person or institution practicing any of the healing arts or when the fact of damage has, for the purpose of escaping responsibility therefor, been fraudulently and knowingly concealed from the injured party by an alleged wrongdoer standing at the time of the wrongful act, neglect or breach in a professional or commercial relationship with the injured party, the same shall be deemed to accrue when the injured party knows or in the exercise of reasonable care should have been put on inquiry regarding the condition of matter complained of; but in all other actions, whether arising from professional malpractice or otherwise, the cause of action shall be deemed to have accrued as of the time of the occurrence, act or omission complained of, and the limitation period shall not be extended by reason of any continuing consequences or damages resulting therefrom or any continuing professional or commercial relationship between the injured party and the alleged wrongdoer. . . .

not yet reasonably knowable and may not be known until the limitations period has expired. This is illustrated in *Cosgrove v. Merrell Dow Pharmaceuticals*, 117 Idaho 470, 788 P.2d 1293 (1990), where the plaintiff brought a medical malpractice lawsuit arguing that the two-year statute of limitations in I.C. § 5-219(4) should not begin to run until the plaintiff reasonably discovered the cause of the child's birth defect almost seven years after the birth of the child with a defective hand and arm. The court emphasized that, except for the leaving of foreign objects in the body, no "discovery" exception is applicable to accrual of the statute of limitations in I.C. § 5-219(4). *Id.* at 475, 788 P.2d at 1298. We therefore conclude equitable tolling is not available to McCabe under I.C. § 5-219(4).

Idaho appellate courts have yet to address the applicability of the doctrine of equitable tolling to I.C. § 6-911. We need not now decide, however, whether the language within I.C. § 6-911 expresses full incorporation of common law equitable tolling principles. In his appellate briefing, McCabe contends it was not until March 17, 2003, when he discovered his claims upon finding out the sentencing specialist had deliberately miscalculated his sentence. However, in the tort claim notice attached to his verified complaint, McCabe averred that he discovered the "invalidity of the state's conduct" on January 6, 2003. McCabe's complaint thus acknowledges that he was aware of his possible claim of injury at least ninety-four weeks prior to expiration of the limitations period as to the first day of allegedly wrongful imprisonment.[10] Because common law equitable tolling may be invoked only to extend an otherwise unreasonably short time in which to file, we would not automatically add the ten weeks (from January 6, 2003 to March 17, 2003) to the end of the two-year filing period in this case. *See Cada,* 920 F.2d at 453 (allowing time-bar defense when plaintiff fails to file suit within reasonable period after learning about the possibility of a claim).

McCabe failed to bring suit within a reasonable time after obtaining the information necessary to allege that a governmental employee possibly acted with malice, criminal intent, gross negligence, or reckless, willful and wanton conduct within the course and scope of employment. Therefore, equitable tolling would not make timely McCabe's remaining claims

---

[10]    For example, if McCabe's claims relating to his first day of wrongful imprisonment accrued on January 6, 2003, and he became aware on March 17, 2003 of the possibility of gross negligence required for his ITCA claim, then McCabe had ninety-four weeks to file suit prior to January 6, 2005.

relating to the 227 days of wrongful incarceration that allegedly occurred from July 2002 until March 6, 2003. Assuming without deciding that the common law doctrine of equitable tolling applies to claims governed by I.C. § 6-911, we conclude that the district court did not err in dismissing McCabe's ITCA claims for all but the claim of wrongful imprisonment occurring on March 7, 2003.

**C.     Equitable Estoppel to Assert the Statute of Limitations**

McCabe also appears to argue that equitable estoppel principles should prevent assertion of the statute of limitations by the defense because, McCabe alleges, state personnel attempted to cover up the mistakes once the state realized McCabe had been incarcerated past his full term sentence expiration date. Under Idaho law, a defendant may be estopped from asserting a statute of limitation defense if he says something or does something that causes the plaintiff to delay filing suit. *Zumwalt v. Stephan, Balleisen & Slavin,* 113 Idaho 822, 825, 748 P.2d 406, 409 (Ct. App. 1987).

> Four elements are required in order to establish a claim for equitable estoppel: 1) there must be a false representation or concealment of a material fact made with actual or constructive knowledge of the truth; 2) the party asserting estoppel did not and could not have discovered the truth; 3) there was intent that the misrepresentation be relied upon; and 4) the party asserting estoppel relied upon the misrepresentation or concealment to his or her prejudice. All of the above factors are of equal importance and there can be no estoppel absent any of the elements.

*Sorenson v. St. Alphonsus Regional Med. Ctr, Inc.,* 141 Idaho 754, 759, 118 P.3d 86, 91 (2005).

The language of I.C. §§ 5-219 and 6-911 does not clearly express an intent to abolish the doctrine of equitable estoppel, which is "[t]he only non-statutory bar to a statute of limitations defense in Idaho." *Ferro v. The Society of Saint Pius X,* 143 Idaho 538, 540, 149 P.3d 813, 815 (2006). Such changes must be shown by clear intent to alter or oppose the common law or change it by necessary implication. *Williams v. Blakely,* 114 Idaho 323, 325-26, 757 P.2d 186, 188-89 (1987) (Idaho Code § 5-219(4) does not preclude common law estoppel); *Twin Falls Clinic & Hosp. Bldg. Corp. v. Hamill*, 103 Idaho 19, 21-22, 644 P.2d 341, 343-44 (1982) (same). Therefore, we will consider the application of equitable estoppel to McCabe's claims rather than presume statutory changes to common law. *See id.*

Importantly, "estoppel does not 'extend' a statute of limitations, but rather prevents a party from pleading and utilizing the statute of limitations as a bar, although the time limit of the statute of limitations may have run." *Twin Falls Clinic & Hosp. Bldg. Corp.*, 103 Idaho at 22,

644 P.2d at 344. Even assuming the factual truth of McCabe's complaint, as we must on summary dismissal, we conclude that equitable estoppel does not bar the defendants here from relying upon the statute of limitations as a defense. Equitable estoppel "lasts only for a reasonable time after the party asserting estoppel discovers or reasonably could have discovered the truth." *Ferro*, 143 Idaho at 540-41, 149 P.3d at 815-16. McCabe had over a year--from January 6, 2003 (when he claims he discovered the invalid imprisonment) until July 23, 2004 (two years after his claimed full term sentence expiration date)--to file a timely complaint that would have preserved his claims for the entire period of the alleged wrongful imprisonment. Accordingly, equitable estoppel is not applicable and McCabe's claims of wrongful imprisonment are barred by lapse of the statutory period of limitation for all his claims except the claim relating to March 7, 2003.

## D.    Alternative Basis for Summary Dismissal

After ruling that McCabe's complaint was untimely filed, the district court found as another basis for summary dismissal that McCabe's claims were frivolous. Citing to I.C. § 6-904B(6) and (7), the district court determined that under the ITCA the state was entitled to immunity for actions arising out of decisions of the parole commission or the Idaho Department of Correction (I.D.O.C.). In order for those exceptions to apply, however, government employees must have acted within the course and scope of their employment and without malice or criminal intent, gross negligence, or reckless, willful and wanton conduct. I.C. §§ 6-904B(6), (7), 6-904C; *see Smith v. Board of Corrections,* 133 Idaho 519, 522-23, 988 P.2d 1193, 1196-97 (1999). Because McCabe averred with particularity that I.D.O.C. employees were grossly negligent and deliberately indifferent in calculating his sentence, the district court erred by summarily dismissing the ITCA action for frivolousness.

Furthermore, the state actor immunity provided by I.C. 6-904B does not apply to McCabe's section 1983 claims. In *Henderson*, our Supreme Court held that the ITCA was preempted by section 1983 because "[i]t was the very ineffectiveness of state remedies that led Congress to enact the Civil Rights Acts in the first place." *Henderson,* 110 Idaho at 311, 715 P.2d at 981 (quoting *Wilson v. Garcia,* 471 U.S. 261 (1985)).

The district court additionally ruled that I.C. § 6-918 prevented any award of punitive damages against the state. With respect to McCabe's ITCA claim, we agree. "Governmental entites and their employees shall not be liable for punitive damages on any claim allowed under

10

the provisions of this act." I.C. § 6-918. Punitive damages are allowed under McCabe's section 1983 claim, however, for acts maliciously, or wantonly, or oppressively done. *See Memphis Community School Dist. v. Stachura,* 477 U.S. 299, 306 n.9 (1986).

## III.

## CONCLUSION

For the reasons set forth above, we conclude that McCabe's federal and state claims are barred by lapse of the statutory periods of limitation for all but the March 7, 2003 wrongful incarceration claim. The district court's order summarily dismissing the action is therefore affirmed in part, reversed in part, and remanded for further proceedings.

Judge LANSING **CONCURS.**

PERRY, C. J., **CONCURS IN PART AND DISSENTS IN PART.**

I concur in the portion of the majority's opinion which affirms the district court's dismissal of McCabe's complaint.

However, because I agree with the reasoning of the district court, I conclude that McCabe's entire action is barred. Therefore, I dissent from the majority's reversal and remand for further proceedings of a one-day, March 7, 2003, cause of action.